Alvin G. DEWEES, Appellant,

v.

George L. WHISENANT, d/b/a Whisenant Cone Company, Appellee.

No. 7300.

United States Court of Appeals Fourth Circuit.

Argued Jan. 11, 1957.

Decided Feb. 26, 1957.

John A. Robertson, Philadelphia, Pa. (Robert K. Youtie, Philadelphia, Pa., on the brief), for appellant.

Paul B. Bell, Charlotte, N. C. (Eaton, Bell, Hunt & Seltzer and Paul B. Eaton, Charlotte, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PER CURIAM.

This is an appeal in a patent infringement case, involving U. S. Patent No. 2,-322,350 covering a process for reconditioning yarn cones. The court below held the patent invalid on the grounds of prior use and lack of invention. We think that this holding was so clearly correct as not to justify extended discussion.

The process of the patent is covered by five claims, of which claim four may be taken as typical. It is as follows:

"4. A method of removing an adhesively-held label from the interior of a hollow yarn cone which consists in restricting communication of the atmosphere with the interior of said cones, introducing water vapor into and partially confining it within said cone to weaken the adhesive bond of said label, and then manipulating said label to remove the same."

The patent is thus described in appellant's brief:

"The patentee, Dewees, discovered that simply introducing steam into a yarn cone was not sufficient to place the cone in a state which would adapt it for subsequent manipulation to complete the reconditioning process. He found that at least a partial confinement of the steam for an appreciable interval was necessary; and this was accomplished by restricting communication of the interior of the cone with the atmosphere. This in turn was accomplished by closing the open base. This step of the method is accomplished by placing the cone on a flat table over a small opening through which steam is introduced into the cone. The engagement of the rim of the cone with the table surface achieves the restriction of communication with the atmosphere that results in the partial confinement of the steam within the cone, which is the very heart of the invention of the patent in suit."

There is ample evidence to sustain the finding of the trial judge that the process thus described was in public use by a person other than the patentee more than a year prior to the application for the patent. This evidence was corroborated by written records and drawings made at the time; and there is nothing in the record before us which would justify our setting aside the finding of the trial judge as clearly erroneous. Fur-

**414**

thermore, it is difficult to see, at this time in the history of the arts and sciences, how it could constitute patentable invention to use steam for the purpose of loosening and removing the labels from yarn cones or to introduce steam for that purpose into the cones in such way that it will be held there and the atmosphere excluded until the desired loosening of the labels has been accomplished. See Brown v. Piper, 91 U.S. 37, 23 L.Ed. 200; Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corporation, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162; American Potato Dryers, Inc., v. Peters, 4 Cir., 184 F.2d 165, 170.

Affirmed.